Justin P. Karczag
Nevada Bar Number: 12414
11201 S Eastern Avenue, Suite 100
Henderson, NV  89052
T: 702.637.7110
F: 702.637.7119
E-mail: Jkarczag@foleybezek.com

COUNSEL FOR RESPONDENT

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

24 HOUR FITNESS USA, INC.,
a California Corporation dba
24 HOUR FITNESS

              Petitioner

vs.

INDIKA ROED,

              Respondent

Case No.  2:11-cv-02005-GMN (RJJ)

**MOTION FOR WAIVER OF
COMPLIANCE WITH RULE VI(D) OF
SPECIAL ORDER 109**

# AND ORDER

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

1    TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT Respondent Indika Roed and the rest of the two

3    Respondents in the nearly identical Petitions to Compel Arbitration, all assigned to this Court,

4    request that this Court waive compliance with Rule VI(D) of Special Order 109 by permitting

5    Respondents to submit just one full copy of the Declaration of Justin P. Karczag in Support of

6    the Response in Opposition to Petitions to Compel Arbitration ("Karczag Declaration").  This is

7    because the disputes against 24 Hour Fitness date back to 2004, and, most recently, a case filed

8    in the Northern District of California, *Beauperthuy v. 24 Hour Fitness*, NDCA #3:06-cv-00715-

9    SC, assigned to the Honorable Sam Conti, since February 2006.  Judge Conti has presided over

10   the case, issuing multiple procedural rulings.  24 Hour was unhappy with adverse rulings it

11   received and so it filed 307 competing, duplicative and later-filed Petitions to Compel

12   arbitration in 21 District Courts across the Country.  Every District Court to have ruled on the

13   merits of 24 Hour's Petitions, save one, has either dismissed them, issued OSCs re dismissal,

14   issued OSCs re Rule 11 Sanctions against 24 Hour, stayed them, or transferred them back to the

15   Northern District of California.  In February, 2012, with 24 Hour's consent, Judge Conti

16   appointed a Special Master to determine the exact same issues in dispute here, namely where the

17   arbitration should proceed, which agreement applied and/or was enforceable, and specifically,

18   whether 24 Hour should be enjoined from prosecuting these 307 out-of-District cases.

19   The Special Master issued his recommendation in early May 2012.  That

20   recommendation finds that 24 Hour should be enjoined from prosecuting its nonNDCA cases,

21   including this one, and that the arbitrations are to proceed in an orderly fashion in NDCA.  Both

22   sides have briefed it and are awaiting a ruling by Judge Conti.

23   Because this case has such a substantial procedural history, and so many issues are in

24   dispute between the parties, some resolved that 24 Hour is seeking to get a new Judge to undo,

25   and some as-of-yet-to-be resolved, when Respondents responds to 24 Hour's Petition, the

26   responsive briefing is substantial and is supported by a Karczag Declaration with exhibits that

27   comprise a hefty binder.  But, because the material issues and facts as among the Petitions are

28   identical, the Responses to the Petitions are also nearly identical.  In fact, every single exhibit in

the Karczag Declaration is the same for each Response, save for Exhibit B, which changes.  The format of the Responses is that there is a Response, a Karczag Declaration with substantial exhibits, and, usually, a client declaration with 1-2 exhibits.

Based upon counsel's experience in the various District Courts, the Judges Chambers are often not fond of receiving multiple copies of essentially the exact same substantial stack of exhibits.  Consequently, Respondents have been requesting and receiving permission to submit to each Judge just one major exhibit set, the exhibits to the Karczag Declaration, which will apply to all responses, and then a Response, Client Declaration, and Exhibit B, for each of the responses.

In this District, Rule IV (D) of Special Order 109 provides that: "Unless otherwise ordered by the court, Filing Users shall provide to chambers a paper copy of all electronic documents that exceed 50 pages in length."  Each Respondent will be filing or has filed a Karczag Declaration (not all Respondents have filed responses yet because either 24 Hour has not completed service or has only recently completed service), and although certain facts related to a particular Respondent may change, those changes will be reflected in the declaration of that Respondent and reflected in the Response itself, but the materials attached to the Karczag Declaration and statements contained therein have been prepared in such a way that the Karczag Declaration will be identical for each of the responses, save and except for exhibit B thereto.

Exhibit B is the earlier-filed Petition to Compel Arbitration filed by the particular Respondent in the Northern District of California – all on December 5, 2011 and all before 24 Hour filed its duplicative and competing Petitions in this Court (and all of the others).

Each of the Respondents has electronically filed or intends to electronically file a Karczag Declaration in support of his or her Opposition to the Petition to Compel Arbitration. But, because the Karczag Declaration and its exhibits constitute over 415 pages, literal compliance with Rule IV (D) of Special Order 109 would result in the Court receiving over 1200 pages of documents in at least three different binders, with 95% of the material being exact duplicates.  (The reason why the materials are nearly entirely identical is because 24 Hour's Petitions are nearly entirely identical.)

As a consequence, counsel for Respondents seeks permission to submit a single complete hardcopy Karczag Declaration and would be doing so as part of the *Roed* Case 2:11-cv-02005 filing.  For the rest of the Respondents (meaning all Respondents other than Roed), counsel seeks permission to submit to the Court only the Exhibit B to the Karczag Declaration.  Thus, with regard to the Roed filing, Roed will fully comply with Rule VI (D) of Special Order 109, and provide a complete copy of Roed's Response in Opposition to the Petition to Compel, a complete copy of the Karczag Declaration (and exhibits) in support thereof, and a complete copy of the Roed Declaration (and exhibits) in support thereof.

This Court also has the following identical cases assigned to it:

*David Adolph*              2:11-cv-01998-GMN-GWF

*Joel Gonzales*            2:11-cv-01951-GMN-CWH

And thus, for the remaining filings, if permitted by this Court, Respondents will provide a complete Response in Opposition to the Petition to Compel, *only* Exhibit B of the Karczag Declaration, and a complete Respondent Declaration.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

4

1    DATED this 15th day of June, 2012.

2

3                                        Respectfully submitted,

4

5                                        FOLEY BEZEK BEHLE & CURTIS, LLP

6
                                         By: /s/  Justin P. Karczag
7                                        Justin P. Karczag
                                         Nevada Bar Number: 12414
8                                        11201 S Eastern Avenue, Suite 100
                                         Henderson, NV  89052
9                                        T: 702.637.7110
                                         F: 702.637.7119
10                                       E-mail: Jkarczag@foleybezek.com

11
                                         COUNSEL FOR RESPONDENT
12

13

14

15

16

17   **IT IS SO ORDERED** this 20th day of June, 2012.

18

19

20   _____
     Gloria M. Navarro
21   United States District Judge

22

23

24

25

26

27

28